995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest C. ALDRIDGE, Defendant-Appellant.
 No. 92-10468.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 8, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ernest C. Aldridge appeals pro se his conviction of criminal contempt for failure to appear as ordered at two hearings, in violation of 18 U.S.C. § 401(3). Construing Aldridge's appellate briefs liberally, he raises several challenges to his conviction, none of which has any merit. We therefore affirm.
 
 
 3
 First, Aldridge contends that the district court violated his right to due process by trying the charges against him summarily without a jury. We conclude that the district court's procedures were fair and lawful and trial by jury was not required.
 
 
 4
 Although the district court stated that it was proceeding against Aldridge under Federal Rule of Criminal Procedure 42(a), which provides for summary punishment of criminal contempt, the court actually provided Aldridge with the full process required by Rule 42(b). Aldridge was personally served on August 19, 1991 and November 4, 1991 with orders to show cause, but failed to appear at the scheduled hearings on September 5, 1991 and November 26, 1991. In addition, Aldridge was served with an October 21, 1991 district court order which fully explained the facts constituting the criminal contempt charged, as well as the nature and purpose of contempt proceedings. Finally, the district court afforded Aldridge the opportunity to present his defense to the two contempt charges at his May 19, 1992 bench trial.
 
 
 5
 The district court's October 21, 1991 order specified that if, after a hearing, the court found Aldridge to be in criminal contempt it would impose on him a sentence not to exceed six months in prison or a fine of $500. At trial, the district judge stated that the maximum sentence on each contempt charge would not exceed two months imprisonment. Ultimately, the district court sentenced Aldridge to two years probation with conditions.
 
 
 6
 The Supreme Court has held that a person may be tried without a jury for criminal contempt offenses for which the penalty actually imposed does not exceed six months imprisonment, or for which a longer penalty has not been expressly authorized by statute. Taylor v. Hayes, 418 U.S. 488, 495 (1974). The Court has based this conclusion on the proposition that "criminal contempt is not a crime of the sort that requires the right to jury trial regardless of the penalty involved." Id., quoting Bloom v. Illinois, 391 U.S. 194, 211 (1968). Because 18 U.S.C. § 401(3), under which Aldridge was charged, does not specify a maximum penalty, Aldridge had no right to a jury trial, as the district court neither sentenced him to more than six months' imprisonment nor fined him more than $500. See United States v. Rylander, 714 F.2d 996, 1006 (9th Cir.1983), cert. denied, 467 U.S. 1209 (1984).
 
 
 7
 Second, Aldridge appears to argue that he was never informed that he was charged with an offense against the laws of the United States. A review of the record in this case reveals that this claim is patently false. Aldridge was personally served with notices of each order to appear and produce documents and--after the magistrate judge's certification of facts constituting the initial contempt--with an order of the district court explaining the consequences of failure to appear and the nature of criminal contempt charges and proceedings. Aldridge also appears to contend that the charging document did not sufficiently state the criminal contempt offense. Aldridge waived this latter argument by not raising it as an issue in the district court, and we will therefore not consider it on appeal. See United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990); Federal Rule of Criminal Procedure 12(b).
 
 
 8
 Finally, Aldridge seems to contest the district court's jurisdiction. The district court clearly had jurisdiction of the criminal contempt charges under 18 U.S.C. § 401(3). To the extent Aldridge actually means to challenge the district court's jurisdiction over matters concerning the civil action related to this case, such a challenge is not properly before the court in this appeal, which concerns only Aldridge's conviction of criminal contempt.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3